**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Ramirez Chavez, | No. CV-06-629-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| CCA/Eloy Detention Center, et al., | |
| Defendants. | |

The Court dismissed this action without prejudice on February 11, 2008. Dkt. #16. Plaintiff has filed a motion to reinstate the case. Dkt. #18. The Court will deny the motion.

**A.   Background.**

Plaintiff is a prisoner currently confined at the Taft Correctional Institution in California. Dkt. #14. In May 2007, Plaintiff filed an amended complaint against the Corrections Corporation of America ("CCA"), CCA's Eloy Detention Center facility, and several prison officials and medical personnel. The complaint asserted constitutional violations under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Dkt. #7.

On June 18, 2007, the Court dismissed all claims except the claim against Defendant Sells alleging constitutional violations based on insufficient medical care while Plaintiff was incarcerated at the Eloy Detention Center. The Court directed the United States Marshal to serve the summons and complaint on Defendant Sells and the United States Attorney for the District of Arizona. Dkt. #8.

1    Plaintiff completed service packets and submitted them to the Clerk on July 16, 2007.
2  Service was executed on the United States Attorney on July 26, 2007. Dkt. #9. Service was
3  returned unexecuted upon Defendant Sells on August 10, 2007, due to Plaintiff's failure to
4  provide the correct address for Defendant Sells. Dkt. #10.

5    On August 23, 2007, the Court ordered Plaintiff to show cause why this action should
6  not be dismissed for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil
7  Procedure. Dkt. #13. Plaintiff filed an untimely response that did not provide any
8  explanation for his failure to serve Defendant Sells or for his failure to comply with the
9  Court's orders. The Court accordingly dismissed the case for failure to serve pursuant to
10  Rule 4(m) and for failure to comply with Court orders pursuant to Rule 41(b). Dkt. #16.

11   **B.   Discussion.**

12   Plaintiff contends that Defendant Sells is a "federal actor" for purposes of *Bivens*
13  liability, and that service on the United States Attorney therefore constituted effective service
14  upon Defendant Sells. Dkt. #18. But even if the Court were to assume that Defendant Sells
15  was a federal actor during her employment with CCA, Plaintiff was still required to serve
16  Defendant Sells individually pursuant to Rule 4.

17   "[A] *Bivens* action is, by definition, against defendants in their individual and not their
18  official capacity." *Vaccaro v. Dobre*, 81 F.3d 854, 856 (9th Cir. 1996). Rule 4(i) provides:

19   To serve a United States officer or employee *sued in an individual capacity* for
     an act or omission occurring in connection with duties performed on the
20   United States' behalf (whether or not the officer or employee is also sued in
     an official capacity), a party must serve the United States *and also serve the*
21   *officer or employee*[.]

22  Fed. R. Civ. P. 4(i)(3) (emphasis added).

23   Plaintiff has not served Defendant Sells individually as required by Rule 4(i).
24  "Because a *Bivens* action can be maintained against a defendant in his or her individual
25  capacity only, and not in his or her official capacity, the failure to perfect individual service
26  is fatal to [Plaintiff's] *Bivens* action against [Defendant Sells]." *Daly-Murphy v. Winston*,
27  837 F.2d 348, 355 (9th Cir. 1988); *see Simpkins v. D.C. Gov't*, 108 F.3d 366, 369 (D.C. Cir.
28  1997) ("[E]very court of appeals that has spoken on the question has decided that defendants

1  in *Bivens* actions must be served as individuals[.]"); *see also Hutchinson v. United States*,
2  677 F.2d 1322, 1328 (9th Cir. 1982) ("Without personal service in accordance with Rule 4,
3  the district court is without jurisdiction to render a personal judgment against a defendant.").
4  The Court will deny Plaintiff's motion.

5  Plaintiff's reliance on *Agyeman v. CCA*, 390 F.3d 1101 (9th Cir. 2004), is misplaced.
6  *Agyeman* merely stated that to the extent the plaintiff sought recovery from individual
7  employees of CCA, the case had to be brought as a *Bivens* action. *Id.* at 1104. *Agyeman* did
8  not involve the issue of service of process.

9  **IT IS ORDERED** that Plaintiff's motion to reinstate case (Dkt. #18) is **denied**.
10  DATED this 4th day of April, 2008.

David G. Campbell
United States District Judge

- 3 -