**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Ramirez Chavez, | No. CV-06-629-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| CCA/Eloy Detention Center, et al., | |
| Defendants. | |

On February 11, 2008, the Court dismissed this action without prejudice for failure to serve pursuant to Rule 4(m) and for failure to comply with Court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Dkt. #16. Plaintiff subsequently filed a motion to reinstate the case. Dkt. #18. The Court denied the motion in an order dated April 4, 2008. Dkt. #20. Plaintiff has filed a motion for reconsideration of that order. Dkt. #21. The Court will deny the motion.

Plaintiff filed his motion for reconsideration on May 12, 2008, more than a month after the Court filed its order denying Plaintiff's motion to reinstate the case. *See* Dkt. ##20-21. Rule 7.2 of the Local Rules of Civil Procedure provides that "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than ten (10) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g)(2). The good cause standard primarily considers the diligence of the party filing the untimely motion. *See Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff does not address the good cause standard or his diligence in meeting the filing deadline set forth in

1  Local Rule 7.2(g)(2).  The Court accordingly will deny the motion for reconsideration as
2  untimely.  *See Baker v. D.A.R.A. II, Inc.*, No. CV-06-2887-PHX-LOA, 2008 WL 824000, at
3  *1 (D. Ariz. Mar. 25, 2008) (denying untimely motion for reconsideration where "good cause
4  [had] not been shown.") (citing LRCiv 7.2(g)(2)); *see also King v. Atiyeh*, 814 F.2d 565, 567
5  (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other
6  litigants."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Failure to follow a district
7  court's local rules is a proper ground for dismissal.").

8  Even if Plaintiff had shown good cause, his motion lacks merit.  Plaintiff's attempt
9  to serve Defendant Sells at her place of work via certified mail does not comport with the
10  service requirements of Rule 4.  *See* Fed. R. Civ. P. 4(e) (service on an individual is effected
11  by delivering a copy of the summons and complaint to the individual personally, by leaving
12  a copy of each at the individual's dwelling or usual place of abode with someone of suitable
13  age and discretion who resides there, or by delivering a copy of each to an agent authorized
14  to receive service of process); *see also* Ariz. R. Civ. P. 4.1(d) (same).  Moreover, the time
15  for service of Defendant Sells has long since passed and this case has been dismissed.

16  **IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. #21) is **denied**.
17  DATED this 28th day of May, 2008.

_____
David G. Campbell
United States District Judge

- 2 -